## Dion Business Exchange v. Maus.

*E. Tolen,* for plaintiffs; *G. F. Blewett,* for defendant.

MARTIN, P. J., July 2, 1929.—In this action of *assumpsit* a statement of claim was filed, averring that the defendant employed plaintiffs to procure

a purchaser for a property located at No. 2101 Stenton Avenue, in the City of Philadelphia, where defendant conducted a grocery and provision business. The agreement of employment provided that plaintiffs were to receive 5 per cent. of the purchase price for which the property, good-will, stock and fixtures were sold.

The statement averred that plaintiffs procured a purchaser who agreed to pay defendant $18,000 and the market price for the stock in the store, and that defendant agreed to accept this price; that the agreement of sale was verbal on the evening of Jan. 23, 1929, but the parties agreed to meet at the office of plaintiffs on the following morning and reduce the verbal agreement to writing; that on the next morning the purchaser appeared, ready and willing to execute a written agreement confirming the verbal agreement entered into with defendant on the previous evening, but defendant notified plaintiffs that he had changed his mind, and refused to sell the property and business.

It is further averred that the reasonable market value of the stock in defendant's place of business was $2000; that, after defendant refused to complete the sale, plaintiffs demanded payment of the sum which defendant agreed to pay for the services in procuring a purchaser, but defendant failed to pay the amount demanded.

An affidavit raising questions of law was filed by defendant, in which it was alleged that the contract between plaintiffs and defendant, a copy of which was attached to the statement of claim, was not a valid and enforceable contract, in that it was oral, and nothing was given to bind the contract; that plaintiffs were not entitled to recover except upon a valid and legal agreement, and that no valid legal agreement had been entered into between the purchaser and defendant; that there was no averment of delivery of possession to bind the oral contract of sale; that no contract was entered into between the purchaser and defendant; that the statement of claim failed to set forth a breach of contract; that the measure of damages set forth in the statement of claim is improper and not in accordance with the terms of the contract; and that no valid and proper item of damages was set forth in the statement of claim.

Plaintiffs undertook to procure a purchaser for the property belonging to defendant, at a price satisfactory to him. They did not guarantee that the contract would be carried out by the vendor.

The averments of the statement of claim must be accepted as true, that plaintiffs procured Abraham Newman, who agreed to pay defendant a price that defendant agreed to accept for the real estate, good-will and fixtures of the business, and the market price for the stock; that defendant entered into a verbal agreement to sell, and Newman agreed to purchase for $18,000, and was ready and willing to execute a written agreement in confirmation of the verbal agreement entered into on the previous evening, but that defendant refused to complete the sale.

Plaintiffs performed their part of the contract of employment. They procured a purchaser who was ready and willing to accept the property at the price upon defendant's terms. Defendant cannot refuse to carry out his bargain and escape liability to plaintiffs for the services which they have rendered him.

And now, to wit, July 2, 1929, the affidavit of defense raising questions of law is not sustained. Defendant is given fifteen days to file a defense to the averments of fact in the statement of claim.